**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WENDELL JOHNSON,**<br><br>     Plaintiff,<br><br>     v.<br><br>**NEW JERSEY STATE PAROLE BOARD,** et al.<br><br>     Defendants. | Civil Action No. 22-2530 (ZNQ) (TJB)<br><br>**OPINION** |

**QURAISHI, District Judge**

  Plaintiff Wendell Johnson, an inmate at Northern State Prison in Newark, New Jersey, is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) The Court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) to determine whether the Court should dismiss it as frivolous or malicious, for failure to state a claim upon which the Court may grant relief, or because it seeks monetary relief from a defendant who is immune from suit. As set forth below, the Court will dismiss Plaintiff's claims against the New Jersey Parole Board with prejudice and the remainder of the Complaint without prejudice.

  **I.  BACKGROUND**

  In the Complaint, Plaintiff alleges that:

> On [April 11, 2018], parole officer Brett Bertoni filed a complaint with the Trenton Police Department against the plaintiff on Mercer-18-001435 that was dismissed on [March 4, 2022]. On [September 7, 2018], parole officer Michael Traendly filed a criminal complaint with the Trenton Police Department against the plaintiff on Mercer-18-003469 that was dismissed on [March 4, 2022], by the Mercer County Superior Court of New Jersey due to the fact that the State had no evidence to prosecute.

> Defendants Samuel L. Plumeri Jr., chairman of New Jersey State Parole[,] and counter-parts Tania Larkin and Barry Volkert approved and gave permission on the above dates to those officers to file [the] criminal charges. Also[,] Trenton Police Department approved the criminal charges of Defendant Craig Kirk and processed all the above charges that had the Plaintiff detained illegally under the new Bail Reform [Act] knowing[] each Defendant would not go forth with those criminal charges even after each indictment was returned and amounted to a miscarriage of Justice.

(*Id.* ¶ 6.)  Plaintiff further alleges that:

> [Samuel J. Plumeri, Jr.,] allowed its [sic] members to file frivolous criminal charges against the plaintiff that was [sic] dismissed in full[, and] Tania Larkin gave an order to the co-defendants to file frivolous criminal charges that was dismissed on March 4, 2022 . . . .

(*Id.* ¶ 3(b), (c).)

Plaintiff names the New Jersey State Parole Board; Parole Board members Samuel J. Plumeri, Jr. and Tania Larkin; parole officers Barry Volkent, Michael Tradendly, and Brett Bertoni; the Trenton Police Department and Detective Craig Kirk as defendants in this matter. (*See id.* ¶ 3.)

## II. **LEGAL STANDARD**

District courts must review complaints in civil actions in which a prisoner or pretrial detainee is proceeding *in forma pauperis*.  *See* 28 U.S.C. § 1915(e)(2)(B).  District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief.  *See id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to Section 1915(e)(2)(B) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012);

2

*Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).  A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.   DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  (*See* Compl. ¶ 1(a).)  To succeed on a Section 1983 claim, a plaintiff must allege: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federally secured right. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). The court liberally construes the Complaint as asserting Fourth and/or Fourteenth Amendment malicious prosecution claims against each of the Defendants. However, for the following reasons, the Court will dismiss the Complaint.

### A. Persons Amenable to Suit

As an initial matter, Plaintiff names the New Jersey State Parole Board (the "Board") as a defendant. The Court will dismiss with prejudice Plaintiff's claims against the Board because it is not a proper defendant in a Section 1983 action.

Section 1983 imposes liability on "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage of any State… subjects…any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights…secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). To be liable under Section 1983, therefore, a defendant must be a "person" within the meaning of the statute. *See id.* The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, a cause of action under Section 1983 "cannot be asserted against the state, its agencies, or its officials acting in their official capacities." *Landi v. Borough of Seaside Park*, No. 07-5319, 2009 WL 606141, at *6 (D.N.J. Mar. 9, 2009).

Here, the Complaint asserts Section 1983 claims against the Board. As the Board constitutes a state agency, it is not a "person" within the meaning of Section 1983. *See Will*, 491 U.S. at 71; *Landi*, 2009 WL 606141, at *6. Accordingly, the Court will dismiss Plaintiff's claims against the Board with prejudice for failure to state a claim for relief.

### B. Malicious Prosecution Claims

To make out a claim for malicious prosecution under Section 1983, a plaintiff must show: (1) the defendant initiated a criminal proceeding; (2) without probable cause; (3) the criminal proceeding ended in his favor; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent

with the concept of seizure as a consequence of a legal proceeding. *Johnson v. Knorr*, 477 F.3d 75, 81–82 (3d Cir. 2007).

Here, the Complaint lacks sufficient facts from which the Court could reasonably infer that the Defendants lacked probable cause to initiate criminal proceedings against him. For example, Plaintiff fails to plead any facts regarding the nature of the charges brought against him or the circumstances leading to the charges and his detainment. Rather, Plaintiff merely alleges that the charges were "frivolous," which is conclusory and which the Court need not accept as true. *See Iqbal*, 556 U.S. at 678. Accordingly, the Court will dismiss the remainder of the Complaint without prejudice for failure to state a claim for relief.

### IV.   CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's claims against the New Jersey Parole Board with prejudice and the remainder of the Complaint without prejudice. Plaintiff may file an amended complaint within thirty days. An appropriate Order follows.

Date:  February 6, 2024

                                                s/ Zahid N. Quraishi
                                                **ZAHID N. QURAISHI**
                                                **UNITED STATES DISTRICT JUDGE**